J-S41041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN J. TEJEDA | : | |
| | : | |
| Tejeda | : | No. 210 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 3, 2020
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-SA-0000631-2019

BEFORE:   KUNSELMAN, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY KUNSELMAN, J.:                **FILED APRIL 22, 2021**

Juan J. Tejeda appeals from the judgment of sentence imposed following his non-jury conviction for the summary offense of careless operation of a snowmobile or all-terrain vehicle (ATV) pursuant to 75 Pa.C.S.A. § 7726(a)(2).  Upon review, we vacate his judgment of sentence and reverse his conviction.

Tejeda's charges stem from an incident occurring on September 25, 2019.  At the summary trial following Tejeda's appeal from magisterial proceedings, the Commonwealth presented the testimony of one witness, Officer Brian McGinnis.  Officer McGinnis's testimony was brief. N.T., 1/3/2020, at 2-5.  While working for the Hazelton City Police Department on September 25, 2019, Officer McGinnis was dispatched to the scene of a motor vehicle collision.  When he arrived, Officer McGinnis observed two

* Retired Senior Judge assigned to the Superior Court.

vehicles engulfed in flames at the intersection of West Mine Street and South Locust Street. Both "vehicles were severely damaged due to heavy collision and fire damage." *Id.* at 4. One of the vehicles was a dirt bike; there are no details in the record regarding the type, make, or model of the second vehicle.

Officer McGinnis saw Tejeda lying approximately 20 feet from the dirt bike, with apparent injuries. Officer McGinnis did not elaborate on the nature of Tejeda's injuries, other than to note that Tejeda was transported to the hospital by ambulance. At some unknown point, Tejeda admitted to Officer McGinnis that he had been driving the dirt bike down Locust Street southbound when he passed in front of another vehicle and was struck.

Officer McGinnis did not provide any further details regarding the accident, except to testify that Tejeda "was operating recklessly at a high rate of speed." *Id.* at 4. Tejeda's counsel lodged a hearsay objection, which the trial court sustained. Officer McGinnis then acknowledged that he did not see Tejeda operate the dirt bike or know how fast Tejeda was travelling at the time of the collision. *Id.* at 5.

At the conclusion of the trial, the trial court found Tejeda guilty of careless operation of a snowmobile or ATV and imposed a $25 fine. It found Tejeda not guilty of reckless driving. Tejeda timely filed an appeal to this Court. Both Tejeda and the trial court complied with Pa.R.A.P. 1925.

Tejeda raises one issue on appeal challenging the sufficiency of the evidence. Tejeda's Brief at 5. His argument is straightforward: because the Commonwealth did not present any evidence of the manner in which he drove the dirt bike, the trial court's verdict is based upon surmise or conjecture. *Id.* at 15-21. The Commonwealth did not file a brief, but instead notified this Court that it agrees that it presented insufficient evidence to support Tejeda's conviction.

We assess Tejeda's argument that the evidence was insufficient to convict him by the following standard.

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.] The evidence need not preclude every possibility of innocence….

*Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (internal citations and quotation marks omitted).

"This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014). However, "a conviction must be based on more than mere suspicion or

conjecture." **Commonwealth v. Thomas**, 194 A.3d 159, 166 (Pa. Super. 2018) (citation and quotation marks omitted).

The statute under which Tejeda was convicted provides as follows: "No person shall operate a snowmobile or an ATV in any … careless way so as to endanger the person or property of another." 75 Pa.C.S.A. § 7726(a)(2). At the summary trial, the Commonwealth established that: Tejeda drove a dirt bike; the dirt bike and another vehicle collided; and both vehicles caught on fire.

In its Rule 1925(a) opinion, the trial court agrees with Tejeda that its ruling was in error because the Commonwealth failed to present evidence establishing that Tejeda drove carelessly. We agree with the trial court and the parties that the Commonwealth failed to present evidence of the manner in which Tejeda operated the vehicle. Accordingly, the evidence was insufficient to establish that Tejeda operated the dirt bike in a careless way.[1] We vacate Tejeda's judgment of sentence and reverse his conviction.

Judgment of sentence vacated. Conviction reversed.

_____

[1] In addition, after re-evaluating Tejeda's conviction on appeal, the trial court determined that the Commonwealth did not present evidence that the dirt bike Tejeda was driving constituted a snowmobile or ATV or that the Commonwealth established the *corpus delicti*. Trial Court Opinion, 3/31/2020, at 3. Tejeda does not raise these latter arguments on appeal. Accordingly, we base our disposition on the argument Tejeda has presented to us.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/22/2021